**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC.<br>3900 Kinross Lakes Parkway<br>Richfield, Ohio 44286<br><br>Plaintiff,<br><br>vs.<br><br>O'NEIL & ASSOCIATES, INC.<br>495 Byers Road<br>Miamisburg, Ohio 45342<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:<br><br>Judge:<br><br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, TRESPASS TO CHATTELS, BREACH OF CONTRACT, AND UNJUST ENRICHMENT**

Plaintiff Snap-On Business Solutions, Inc. ("SBS"), by its attorneys, for its complaint against Defendant O'Neil & Associates, Inc. ("O'Neil"), hereby demands a jury trial and alleges as follows:

## I. THE PARTIES

1. Plaintiff, Snap-On Business Solutions, Inc. is a Delaware corporation with its principal place of business located at 3900 Kinross Lakes Parkway, Richfield, Ohio 44286.

2. Upon information and belief, Defendant, O'Neil & Associates, Inc. is an Ohio corporation with its principal place of business located at 495 Byers Road, Miamisburg, Ohio 45342.

**II. SUBJECT MATTER JURISDICTION**

3. This action arises under the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*,

4. This action also arises under state contract and tort laws, including claims for breach of contract, trespass to chattels, and unjust enrichment.

5. This Court has subject matter jurisdiction over the Computer Fraud and Abuse Act violations pursuant to 28 U.S.C. § 1331 (federal question).

6. This Court also has subject matter jurisdiction over the state trespass to chattels, breach of contract, and unjust enrichment claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction.)

**III. VENUE**

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the action occurred in and are occurring in this judicial district. In addition, this action arises out of acts committed by Defendant in this judicial district that subject it to personal jurisdiction here.

**IV. PERSONAL JURISDICTION**

8. Upon information and belief, this action arises out of acts committed by Defendant in this judicial district.

**V. FACTS**

9. Plaintiff SBS designs and sells integrated content and software solutions for the automotive, power sport, construction, and outdoor power equipment markets. SBS converts parts catalog information for its customers to digital format and also develops proprietary database software to process the parts catalog data for its customers. SBS licenses its software to its customers and provides related support services. SBS's software allows its customers to search and manipulate parts and inventory information to manage performance, assist in planning, reporting, query and analysis, and enterprise information management.

10. SBS develops dealership information and selling solutions for parts and accessories for fifteen of the world's largest automakers. SBS updates over 134,000 catalogs, captures more than 900,000 technical illustrations, and ships over 1.5 million CDs and DVDs preloaded with software and data to dealerships around the world.

11. Upon information and belief, Defendant is a competitor of SBS, and is also in the business of creating electronic parts catalogs and database software for the commercial, industrial, defense, and aerospace industries.

12. In 2005, SBS entered into a License Agreement with Mitsubishi Caterpillar Forklift America, Inc. (MCFA) of Houston, Texas to provide products and services to MCFA. These products and services include the creation of an electronic parts catalog by converting parts catalog information to digital format, processing this data using SBS's Net-Compass software tools, (the "Proprietary Software"), and providing the processed data to MCFA through a private electronic searchable database hosted by SBS (the "Proprietary Database").

13. SBS provided MCFA with secure login and password information that MCFA uses to access the Proprietary Database. The agreement between SBS and MCFA states that access to the Proprietary Database is limited to MCFA and its Dealers who are registered to use

the system and to whom a user ID and password have been assigned, and that those passwords were to remain confidential. Further, the agreement expressly prohibited copying the Proprietary Software, reverse engineering the Proprietary Software, creating derivative works based on the Proprietary Software, or obtaining possession of any source code of other technical material relating to the Proprietary Software.

14. The contract between SBS and MCFA indicates that the Proprietary Database created for MCFA's use is the intellectual property of SBS. In early 2009, MCFA requested that SBS provide it with the complete Proprietary Database at no charge. SBS indicated that it would provide MCFA with the Proprietary Database for a fee equal to approximately one year of licensing fees, however, SBS and MCFA were unable to reach an agreement.

15. Upon information and belief, Defendant, and/or its agents, have been using the secure logins and passwords provided to MCFA to access the MCFA database portion of SBS's website and running a "scraper" program on numerous dates from April, 2009 through the present to mine data, including SBS's Proprietary Database, from the secure MCFA portion of SBS's website. Defendant is believed to have made a complete copy of the Proprietary Database, and any updates to the database.

16. Each time Defendant ran the scraping program, Defendant significantly increased the level of activity on SBS's website to a level that caused the website to be unavailable for other SBS customers who access their own databases hosted in the same location, causing significant harm to SBS, its customers, and its reputation. Further, during the scraping incidents, Defendant damaged SBS's Net-Compass software and related databases accessed by other SBS customers. SBS was forced to spend significant time and resources repairing the damage caused by Defendant.

17. Upon information and belief, Defendant is believed to have copied the Proprietary Database and/or Net-Compass software with the purpose of using the copies and/or unauthorized derivative works for profit and competitive advantage.

## VI. FIRST CLAIM FOR RELIEF

### Accessing Protected Computers Without, Or In Excess Of, Authorization In Violation Of Section 1030(A)(2)(C) Of The Federal Computer Fraud And Abuse Act

18. SBS incorporates the allegations and averments of paragraphs 1 through 17 above as though fully set forth in this paragraph.

19. In connection with the provision of its Proprietary Database and Net-Compass software to MCFA and the products and services provided to its other customers, SBS owns and maintains one or more "protected computers" as the term is defined in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(B). SBS's protected computers engage in two-way communications with its customers.

20. On information and belief, Defendant obtained information from SBS's protected computers. Defendant obtained such information without SBS's authorization or consent.

21. By its actions, Defendant has intentionally accessed a computer without authorization, or in excess of authorization, and has thereby obtained information from a protected computer via an interstate or foreign communication, in violation of 18 U.S.C. § 1030(a)(2)(C).

22. The damages suffered by SBS as a result of Defendant's conduct include the impairment of the integrity and/or availability of data, programs, systems, and/or information on SBS's protected computers, and aggregate to at least $5,000.00 in value in the year preceding the date of filing of this Complaint.

23. On information and belief, Defendant may continue to engage in the unlawful actions alleged herein, and unless restrained and enjoined will continue to do so, causing irreparable harm to SBS. Monetary damages alone cannot compensate SBS for the harm that Defendant will cause to SBS. SBS is entitled to injunctive relief prohibiting Defendant from accessing SBS's computers without authorization, or in excess of authorization, and obtaining information from SBS's protected computers.

## VII. SECOND CLAIM FOR RELIEF

### Impairing Computer Facilities In Violation Of Section 1030(A)(5) Of The Federal Computer Fraud And Abuse Act

24. SBS incorporates the allegations and averments of paragraphs 1 through 23 above as though fully set forth in this paragraph.

25. On information and belief, Defendant knowingly used a scraper program on SBS's protected computers without authorization. As a result of such conduct, Defendant caused damage to SBS's protected computers in violation of 18 U.S.C. § 1030(a)(5).

26. On information and belief, the damages suffered by SBS as a result of Defendant's conduct include the impairment of the integrity and/or availability of data, programs, systems, and/or information in SBS's protected computers, and aggregate to at least $5,000.00 in value in the year preceding the date of filing of this Complaint.

## VIII. THIRD CLAIM FOR RELIEF

### Trespass To Chattels In Violation Of The Common Law

27. SBS incorporates the allegations and averments of paragraphs 1 through 26 above as though fully set forth in this paragraph.

28. The Net-Compass software and Proprietary Database that SBS designed and hosts are the personal property of SBS.

29. Without authorization, Defendant has intentionally obtained access to, and made use of, SBS's Net-Compass software and Proprietary Database to obtain information for its own economic benefit.

30. Through its actions, Defendant has wrongfully exercised dominion over SBS's Net-Compass software and/or Proprietary Database in denial of SBS's rights to that property. Defendant's wrongful exercise of dominion over SBS's Net-Compass software and Proprietary Database has deprived SBS of the legitimate use of this commercially valuable system by causing the Net-Compass software and Proprietary Database to become corrupted (damaged) and/or unavailable to other customers of SBS during many of the scraping incidents.

31. Under the common law, Defendant's conduct constitutes trespass to SBS's chattels.

32. Defendant's acts have caused injury to SBS, its Proprietary Databases and websites, and to its business relations and reputation.

33. Defendant's acts of trespass have been undertaken intentionally with malice, oppression, and fraud, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from engaging in similar conduct.

## IX. FOURTH CLAIM FOR RELIEF

### Unjust Enrichment And The Imposition Of A Constructive Trust In Favor Of SBS

34. SBS incorporates the allegations and averments of paragraphs 1 through 33 above as though fully set forth in this paragraph.

35. By its unlawful actions, Defendant has knowingly obtained business-related benefits acquired at the expense of SBS. Defendant's knowing acquisition of these benefits has

occurred under circumstances that render it inequitable for Defendant to retain the benefits without paying for their value.

36. As a result of Defendant's unjust enrichment, Defendant should be ordered to compensate SBS for the value of the information it unwillingly provided and ordered to disgorge all profits derived using the information.

37. A constructive trust should also be imposed in favor of SBS on all moneys received by or due to Defendant, on all profits generated by Defendant's illegal activities, and on all real and personal property purchased with moneys received by Defendant as a result of its unlawful activities.

## X. FIFTH CLAIM FOR RELIEF

### Breach Of Contract

38. SBS incorporates the allegations and averments of paragraphs 1 through 37 above as though fully set forth in this paragraph.

39. Defendant, through one or more of its agents and/or employees, entered into a contract with SBS when it used MCFA's logins and passwords to access the Proprietary Database.

40. In consideration of and in order to gain access to the Proprietary Database, Defendant agreed to the End User License Agreement for Net-Compass posted on SBS's website.

41. The End User License Agreement for Net-Compass states that only Authorized Dealers have the right to use the Software, and that the Software is owned by SBS and is protected by copyright and other intellectual property laws, and therefore may not be copied, and further states that the user agrees to pay or reimburse SBS for all reasonable costs and expenses,

including reasonable legal fees, incurred to protect or enforce its rights under the End User License Agreement for Net-Compass.

42. Upon information and belief, Defendant ran a scraper program multiple times on the SBS website using MCFA's login and passwords to access the Net-Compass software and Proprietary Database and to copy this data, in breach of the End User License Agreement for Net-Compass.

43. As a direct and proximate result of the Defendant's breach of the End User License Agreement for Net-Compass, SBS has suffered and will continue to suffer, damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, SBS prays for entry of judgment in its favor and against Defendant as follows:

1. A finding that Defendant has been unjustly enriched to the damage of SBS;

2. A finding that the actions of Defendant are willful and/or in bad faith;

3. A preliminary and permanent injunction enjoining and restraining Defendant, and all of its agents, successors and assigns, and all persons in active concert or participation with any of them, from using, or directing, aiding, or conspiring with others to use SBS's computers or computer networks, in any manner, directly or indirectly, in connection with obtaining information from any of SBS's websites and/or on-line databases;

4. A preliminary and permanent injunction ordering Defendant to destroy any and all copies of SBS's Proprietary Software and/or Proprietary Database in the possession of Defendant, its agents, successors and assigns, and all persons in active concert of participation with any of them;

5. An order requiring Defendant to file with this Court and serve upon SBS within thirty (30) days after the entry of the permanent injunction with a report, in writing and under oath, setting forth in detail the manner and form in which it has complied with the injunction;

6. An award to SBS of all statutory damages, compensatory damages, punitive damages, and restitution to which it is entitled, in an amount to be proven at trial, caused by Defendant's violation of the Computer Fraud and Abuse Act, trespass to chattels, breach of contract, unjust enrichment, and common law;

7. Imposing a constructive trust on all moneys received by or due Defendant an on all profits generated by Defendant's illegal activities and on all real and personal property purchased by Defendant with funds derived from this illegal activities;

8. An award to SBS of its attorneys' fees and all such other and further relief as the Court shall deem just.

Respectfully submitted,

HAHN LOESER & PARKS LLP

By: /Amanda H. Wilcox/

R. Eric Gaum (Ohio Reg. No. 66,573)
One GOJO Plaza, Suite 300
Akron, Ohio 44311
330-864-5550 (phone)
330-864-7986 (fax)
regaum@hahnlaw.com (e-mail)

Amanda H. Wilcox (Ohio Reg. No. 73,832)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
216-621-0150 (phone)
330-864-7986 (fax)
awilcox@hahnlaw.com (e-mail)