UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC. | ) ) ) | CASE NO. 5:09-CV-01547-JG |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) ) | |
| v. | ) ) | **STIPULATED PROTECTIVE ORDER** |
| O'NEIL & ASSOCIATES, INC. | ) ) | |
| Defendant. | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All documents, things, and electronically stored information produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.**

**(a)** Any party to this Action and any nonparty from which or whom discovery is sought in connection with this Action who agrees to be bound by this Protective Order ("Designator") may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY any documents produced by such party or nonparty.  A Designator may designate documents as confidential and restricted in disclosure under

this Order by placing or affixing the words CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY on the document in a manner that will not interfere with the legibility of the document.  Documents shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY prior to or at the time of the production or disclosure of the documents.  The designations CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY do not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  "Protected Information" is defined herein as any document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.

**(b)**  As provided in this paragraph 2(b), a party to this Action shall serve upon the other party to this Action any subpoena, when and as it is issued, that seeks from a nonparty documents created by or originating with the other party and the other party may object to a subpoena because it demands nonparty production of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY documents created or originating with that party ("the Objecting Party").  An Objecting Party shall promptly notify the other party in writing of its objection to production of such documents except in accordance with and subject to the terms of this Order.  If there is such an objection, the party issuing the subpoena shall, upon receipt of produced documents from the nonparty and at the Objecting Party's expense, provide copies of all produced documents to the Objecting Party and treat the documents as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY for a period of 30 days following production to the Objecting Party.  During that period, the Objecting Party shall review, mark (to the extent the Objecting Party determines that the documents are improperly designated, the objecting party shall designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY), and provide, if necessary, properly marked replacement copies to the party issuing the subpoena.

**3.  Documents Which May be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY**.  By designating documents CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, the

Designator represents that it has made a good faith determination that the designated material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

> **(a)** **CONFIDENTIAL Documents** are documents that contain confidential personal information or personnel records, the disclosure of which is prohibited or limited by statute or which poses a reasonable risk of harm, including harm to personal privacy interests to the extent necessary to avoid embarrassment, annoyance or oppression, to the Designating Party or its employees or affiliates including without limitation any non-party, or confidential, proprietary, and/or commercially sensitive business information that is not generally known and that the Designator generally maintains in confidence.

> **(b)** **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY Documents** are documents that contain information, the disclosure of which is protected or limited by statute, including the Uniform Trade Secrets Act, or which otherwise comprises sensitive confidential commercial information the disclosure of which would result in demonstrable harm to the disclosing party or any non-party, including  (1) trade secrets, know-how, and proprietary data, (2) business, marketing or sales plans or strategies, (3) non-public financial reports and revenue reports and other internal financial data relating party's business, or (4) engineering or technical information (such as design specifications, flow charts, block diagrams, and schematics).

> **(c)** **Public records** and other information or documents that are publicly available may not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.

**4.  Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY only if designated as such. Counsel for the Designator may state on the record during such deposition that the entire transcript or a portion thereof shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY; or may give written notice of such designation sent to all parties within ten (10) business days after the transcript or

recording is sent to counsel by the court reporter.  If no such designation is made at the time of the testimony or other proceeding, the parties shall treat all transcripts and recordings of testimony and proceedings as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY hereunder until the expiration of ten (10) business days after the transcript or recording is sent to counsel by the court reporter.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.  Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, pending objection, under the terms of this Order.

**5.  Protection of Confidential Material.**

**(a) General Protections.**  Documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified herein, for any purpose whatsoever other than to prepare for and to conduct discovery, motions practice and trial in this Action, including any appeal thereof.

**(b) Limited Disclosure.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Information to any party, third person or entity except as set forth in paragraphs 5(b)(1) and (2).

**(1) Disclosure of CONFIDENTIAL Documents.**  Subject to the requirements of this Order, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(A) Outside counsel for the parties.**  As used herein, "outside counsel" shall mean attorneys for the respective firms that have appearances entered in the case for the parties, including their clerical, litigation support and paralegal employees;

4

**(B) In-house counsel for the parties.**  Three (3) in-house counsel for Plaintiffs, with respect to materials and information of the Defendant, and up to three (3) in-house counsel for the Defendant, with respect to materials and information of the Plaintiffs, where the in-house counsel for Plaintiffs and Defendant are directly involved in, and whose access to materials and information designated "Confidential" is reasonably required for the management, prosecution, defense or settlement of this Action, or the supervision or oversight of outside litigation counsel and clerical support staff of such in-house counsel, provided that an executed undertaking in the form of Attachment A hereto is provided to the other party ten (10) business days prior to any disclosure of Protected Information to such in-house counsel or clerical staff, and provided further that the counsel are attorneys who are members of a state bar;

**(C) Experts.**  Testifying experts and non-testifying experts for each of the parties, employed by the parties or counsel for the parties to assist in the preparation and trial of this Action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

**(D) Vendors.**  Vendors retained by a party or counsel for the party, including:  graphics or design services retained for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings; copy services, companies that digitize documents, and other similar document management vendors; litigation support services; and jury research or trial consulting services.  Any such vendors shall first complete the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.  Such agreement may be signed by an authorized agent on behalf of a vendor that is an entity; it need not be signed by each employee of a vendor performing services.  In addition, items containing Protected Information may be shown to persons selected to serve as members of focus groups, mock juries or similar study groups provided that such persons are screened to ensure that they are not

5

employed by or affiliated with competitors of any of the parties hereto, and provided that such persons agree in writing (not necessarily in the form of Attachment A) to keep confidential any information disclosed to them during such studies;

(E) **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

(F) **Witnesses.**  Any person being examined as a witness during a deposition or at trial concerning any Protected Information authored by that person or to which that person otherwise had lawful access prior to his or her examination; and

(G) **Others.**  Any other person, upon order of the Court.

**(2) Disclosure of HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY Documents.**  Subject to the requirements of this Order, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY:  persons identified in paragraph 5(c)(1)(A) and 5(c)(1)(C)-(G), which excludes in-house counsel identified in paragraphs 5(c)(1)(B).  Further, any pleading or report filed with the Court that contains HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY documents may, upon request of any party, be redacted to remove all such Protected Information so that the pleading or report can be circulated to that party's in-house counsel identified in paragraphs 5(c)(1)(B).  The party requesting the redaction must consult with the party whose Protected Information appears in the pleading or report in order to work out a process for redaction and/or to confirm that the redactions are satisfactory to the party owning the Protected Information.

**(c) Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year

after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, shall be governed by Fed. R. Evid. 502.

6. **Filing of CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY Documents Under Seal.**  The Court highly discourages the manual filing of any pleadings or documents under seal.  To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any Protected Information.

(a) Before any document marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before a CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL DOCUMENTS – SUBJECT TO PROTECTIVE ORDER," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope.  A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court.  In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY documents.  The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**7.    Challenges by a Party to Designation as Confidential or Highly Confidential – Outside Counsel Only.**    Any CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY designation is subject to challenge by any party or nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8

8.  **Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9.  **Use of Confidential or Highly Confidential – Outside Counsel Only Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY documents or information.  The Court may hereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.  **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of "Confidential" or "Highly Confidential – Outside Counsel Only" Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY under this Order, including copies as defined in ¶ 5(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties

9

agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY documents.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.  Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**12.  No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13.    Persons Bound.**   This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

***So Ordered.***

Dated:

_____
JUDGE JAMES S. GWIN
U.S. District Judge

**WE SO MOVE/STIPULATE**
**and agree to abide by**
**the terms of this Order**

**WE SO MOVE/STIPULATE**
**and agree to abide by**
**the terms of this Order**

| | |
|---|---|
| HAHN LOESER & PARKS LLP<br><br>/s/ R. Eric Gaum<br>R. Eric Gaum, Esq.<br>Amanda H. Wilcox, Esq.<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br>216-621-0150 (phone)<br>330-864-7986 (fax)<br>regaum@hahnlaw.com (e-mail)<br>awilcox@hahnlaw.com (e-mail)<br><br>Counsel for Plaintiff Snap-On Business<br>Solutions, Inc.<br><br>Dated:  September 25, 2009 | REMINGER CO., L.P.A.<br><br>/s/ Alan B. Parker<br>Alan B. Parker, Esq.<br>Roy A. Hulme, Esq.<br>1400 Midland Building<br>101 Prospect Avenue, West<br>Cleveland, Ohio 44115<br>216-687-1311 (phone)<br>216-687-1841 (fax)<br>Cleveland, Ohio 44115<br>aparker@reminger.com<br>rhulme@reminger.com<br><br>REMINGER CO., L.P.A.<br>Matthew L. Schrader<br>65 East State Street, 4th Floor<br>Capitol Square<br>Columbus, Ohio 43215<br>614-228-1311 (phone)<br>614-232-2410 (fax)<br>mschrader@reminger.com<br><br>Counsel for Defendant O'Neil<br>& Associates, Inc.<br><br>Dated:  September 25, 2009 |

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC. | ) | CASE NO. 5:09-CV-01547-JG |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER -- ACKNOWLEDGMENT** |
| O'NEIL & ASSOCIATES, INC. | ) | **AND AGREEMENT TO BE BOUND** |
| | ) | |
| Defendant. | ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "Confidential" or "Highly Confidential – Outside Counsel Only" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____            Signature: _____

13