UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC. ) | |
| ) | CASE NO. 5:09-CV-01547-JG |
| Plaintiff, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | **PLAINTIFF'S MOTION *IN LIMINE* TO** |
| O'NEIL & ASSOCIATES, INC. ) | **EXCLUDE CERTAIN OF** |
| ) | **DEFENDANT'S "TECHNICAL"** |
| Defendant. ) | **EXPERTS** |

Now comes Plaintiff Snap-on Business Solutions, Inc. ("Snap-on") and respectfully requests this Court to enter an order *in limine* excluding David Stackhouse ("Stackhouse") and Armando Monzon ("Monzon") from testifying as expert witnesses for Defendant O'Neil & Associates, Inc. ("O'Neil") in the trial of this matter. For the reasons set forth more fully in the attached Memorandum in Support, Stackhouse and Monzon fail to meet the standard as set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, and their testimony should be limited to that of fact witnesses only.

Respectfully submitted,

HAHN LOESER & PARKS LLP

By: /s/ Phillip G. Eckenrode
Phillip G. Eckenrode (Ohio Reg. No. 84,187)
65 East State Street, Suite 1400
Columbus, Ohio 43215
614-233-5147 (phone)
614-233-5194 (fax)
peckenrode@hahnlaw.com (e-mail)

and

R. Eric Gaum (Ohio Reg. No. 66,573)
Amanda H. Wilcox (Ohio Reg. No. 73,832)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
216-621-0150 (phone)
330-864-7986 (fax)
regaum@hahnlaw.com (e-mail)
awilcox@hahnlaw.com (e-mail)

*Counsel for Plaintiff Snap-on Business Solutions, Inc.*

## **MEMORANDUM IN SUPPORT**

O'Neil has identified a number of expert witnesses in this matter, including two of its own employees, Stackhouse and Monzon. (See November 16, 2009 letter from A. Parker to R. Gaum and A. Wilcox, attached hereto as Exhibit A.) O'Neil's attempt to use two of its own employees as expert witnesses fails to satisfy Fed. R. Evid. 702 and *Daubert*, and this Court should not allow Stackhouse and Monzon to testify as such. Because each witness testified under oath at deposition that they do not have the requisite knowledge or expertise to opine as an expert on most technical issues, they should not be permitted to do so at trial. Therefore, Snap-on respectfully requests an order *in limine* restricting Monzon and Stackhouse to testifying as fact witnesses only, and not experts.

### I.     FACTUAL BACKGROUND

The sworn deposition testimony of both Stackhouse and Monzon demonstrates the impropriety of their testifying as expert witnesses at trial. Armando Monzon testified that he is the commercial software development manager for O'Neil. (*See* Excerpts of 12/7/09 deposition of Armando Monzon ["Monzon Depo."], attached hereto as Exhibit B, at 10:5-7.)[1] In this capacity, Monzon testified that he has general knowledge of the data acquisition tool utilized by

---

[1] Snap-on is contemporaneously filing a motion seeking leave from this Court to file the Armando Monzon and David Stackhouse deposition transcripts under seal, as those transcripts were identified by O'Neil as highly confidential. Should the Court grant Snap-on leave to do so, it will file Exhibits B and C to this Motion under seal.

CLE 1356371.1                                2

O'Neil to scrape information from Snap-on's servers, but that he lacked more specific knowledge. Throughout his deposition, Monzon regularly deferred to Dean Schuler (a senior software developer at O'Neil), and testified that:

- Monzon never personally accessed the Snap-on databases (Monzon Depo. at 36:15-18);

- It was Schuler, and not Monzon, who provided regular updates on the data scraping to other members of O'Neil's team (Monzon Depo. at 63:13-21);

- Monzon did not design the O'Neil database to which the scraped data was saved (Monzon Depo. at 91:11-17);

- Monzon was unaware as to the order in which the data was downloaded from the Snap-on servers, deferring to Schuler (Monzon Depo. at 92:5-9);

- Monzon did not know whether image files and parts data files were downloaded separately or at the same time, again deferring to Schuler (Monzon Depo. at 94:4-9);

- Monzon never used the data reclamation tool, stating that only Schuler would have had access to it (Monzon Depo. at 107:8-12);

- Schuler – and not Monzon – was responsible for any physical changes to the data scraping tool (Monzon Depo. at 134:8-11); and

- Monzon did not have knowledge of the timing of the tool's scraping requests, again deferring to Schuler. (Monzon Depo. at 135:19-136:10.)

While Monzon attempted to defer to Schuler on questions of expertise and the intricacies of the data scraping process, Stackhouse took a different approach and denied knowing just about anything technically related to this litigation. Stackhouse testified that he is O'Neil's director of information systems and solutions. (*See* Excerpts of 12/17/09 Deposition of David Stackhouse ["Stackhouse Depo."], attached hereto as Exhibit C, at 9:1-3.) Despite this title, and the fact that he was identified as O'Neil's Rule 30(b)(6) witness, Stackhouse testified that:

- He was "not [the] best source for information" regarding the reclamation tool (Stackhouse Depo. at 69:15-18);

- He had "[v]ery little" involvement in the project run by O'Neil on behalf of Mitsubishi Caterpillar Forklifts of America ("MCFA") (Stackhouse Depo. at 26:20-27:5);

- Snap-on would "need to talk to the developer" to obtain answers regarding the details of the way the data scraping tool accessed Snap-on's websites, because Stackhouse "would only be guessing" (Stackhouse Depo. at 74:1-19);

- Schuler was the only person at O'Neil who would understand how the entire data scraping and storage process works (Stackhouse Depo. at 95:14-96:3); and

- Stackhouse was not involved with the negotiation of any agreements with MCFA. (Stackhouse Depo. at 97:2-7.)

In fact, Stackhouse testified that he considers himself an "expert" in only "networks and infrastructure," (Stackhouse Depo. at 127:13-15), and that he does not consider himself an expert in databases, reclamation tools, electronic parts catalogues or anything else. (Stackhouse Depo. at 128:18-129:6.)

Therefore, each witness admitted under oath that they lack the requisite amount of technical knowledge or expertise to testify as expert witnesses. With their constant deferral to other members of O'Neil's team, it is unclear as to exactly what O'Neil believes Monzon and Stackhouse to be qualified to testify as experts on. As such, they should be limited to testifying as fact witnesses to those facts of which they have first-hand knowledge.

## II. LAW & ARGUMENT

Monzon and Stackhouse should be excluded from testifying as expert witnesses for O'Neil. A district court bears a special "gatekeeping obligation" to ensure that all expert testimony "is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589). The purpose of this gatekeeping function is to ensure that "an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 152.

An expert's testimony is admissible only if it will assist the trier of fact and: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the

facts of the case. Fed. R. Evid. 702; *see also Pirolozzi v. Stanbro*, Case No. 5:07-cv-798, 2009 U.S. Dist. LEXIS 42575, at *3-4 (N.D. Ohio May 20, 2009) (Gwin, J.). In determining the admissibility of expert testimony, the court must also consider whether the witness is qualified by virtue of his "knowledge, skill, expertise training, or education." Fed. R. Evid. 702; *see also Tharo Sys., Inc. v. cab Produkttechnik GmbH & Co. KG*, 196 Fed. Appx. 366, 374 (6th Cir. Aug. 24, 2006).

A court should "exclude proffered expert testimony if the subject of the testimony lies outside the witness's area of expertise." *Ashburn v. General Nutrition Ctrs., Inc.*, Case No. 3:06-CV-2367, 2007 U.S. Dist. LEXIS 87200, at *3 (N.D. Ohio Nov. 27, 2007) (quoting 4 Weinstein's Fed. Evid. § 702.06[1], at 702-52 (2000)). Finally, district courts "must be especially vigilant in evaluating the admissibility of expert testimony where…a [witness] is called on to testify as a fact witness but also functions as an expert." *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (citations, internal quotations omitted).

As demonstrated above, Monzon and Stackhouse lack the requisite knowledge and/or expertise to testify as "technical experts" on any subject at the trial of this matter. Under oath, both witnesses repeatedly deferred to other members of O'Neil's technical team with respect to the data scraping process at issue, including Dean Schuler. Both witnesses testified that: they never actually used O'Neil's data scraping tool; they were unaware of the details of how the tool worked; they were unaware of how the tool stored retrieved information on the Snap-on staging servers; and they were unfamiliar with any changes made to the data scraping tool. Stackhouse went even further and testified that he was definitely *not* an expert with respect to databases, reclamation tools, electronic parts catalogues or anything other than networks and infrastructure, and that he had very little involvement with the project at issue. (*See* Stackhouse Depo. at

128:18-129:6.) Stackhouse also testified that Schuler was the only O'Neil employee who understood how the entire data scraping and storing actually worked.

Therefore, by their own admissions, these witnesses acknowledge that most technical issues surrounding the MCFA project fall outside of their areas of expertise. They have demonstrated that they cannot testify as technical experts on most issues because they lack the requisite "knowledge, skill, expertise training, or education" to warrant expert testimony appropriate under Fed. Evid. Rule 702. This lack of knowledge was demonstrated time and time again in each of their depositions, when they repeatedly punted to Schuler or others on questions regarding the technical aspects of the project.

To be clear, Snap-on does not object to either witness testifying as a fact witness with respect to those facts of which they have first-hand knowledge. Instead, Snap-on posits that these O'Neil employees should not be permitted to give that same factual testimony while cloaked in the shroud of "expertise." As the Sixth Circuit has stated, the Court should be "especially vigilant" in ensuring that the witnesses do not improperly testify as experts while at the same time properly testifying as fact witnesses. Therefore, this Court should limit Monzon and Stackhouse to factual testimony only.

## CONCLUSION

O'Neil's proffered "technical experts" Armando Monzon and David Stackhouse have already admitted under oath that they lack the requisite knowledge, skill, expertise, training or education to testify as expert witnesses on most subjects. While they will no doubt be permitted to testify as to the facts of this case of which they have first-hand knowledge, Snap-on respectfully requests that this Court issue an *in limine* order preventing them from opining as experts.

Respectfully submitted,

HAHN LOESER & PARKS LLP

By: /s/ Phillip G. Eckenrode
Phillip G. Eckenrode (Ohio Reg. No. 84,187)
65 East State Street, Suite 1400
Columbus, Ohio 43215
614-233-5147 (phone)
614-233-5194 (fax)
peckenrode@hahnlaw.com (e-mail)

and

R. Eric Gaum (Ohio Reg. No. 66,573)
Amanda H. Wilcox (Ohio Reg. No. 73,832)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
216-621-0150 (phone)
330-864-7986 (fax)
regaum@hahnlaw.com (e-mail)
awilcox@hahnlaw.com (e-mail)

*Counsel for Plaintiff Snap-on Business Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of March, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system.

Alan B. Parker
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
aparker@reminger.com

Matthew L. Schrader
REMINGER CO., L.P.A.
65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio 43215
mschrader@reminger.com

*Counsel for Defendant*
*O'Neil & Associates, Inc.*

                                                     /s/ Phillip G. Eckenrode
                                                     One of the Attorneys for Plaintiff
                                                     Snap-on Business Solutions, Inc.