UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC. | ) |
| Plaintiff, | ) CASE NO. 5:09-CV-01547-JG |
| | ) |
| v. | ) JUDGE JAMES S. GWIN |
| | ) |
| O'NEIL & ASSOCIATES, INC. | ) **PLAINTIFF'S MOTION TO STRIKE** |
| | ) **THE REPORT OF DEFENDANT'S** |
| Defendant. | ) **EXPERT RICHARD KEMMERER AND** |
| | ) **MOTION *IN LIMINE* TO PRECLUDE** |
| | ) **HIM FROM TESTIFYING AT TRIAL** |

Now comes Plaintiff Snap-on Business Solutions, Inc. ("Snap-on") and respectfully requests this Court to enter an order striking the expert report[1] of Richard Kemmerer ("Kemmerer") and preventing him from testifying as an expert witness for Defendant O'Neil & Associates, Inc. ("O'Neil") in the trial of this matter. For the reasons set forth more fully in the attached Memorandum in Support, O'Neil failed to timely provide Snap-on with Kemmerer's written report within 90 days of trial in violation of Fed. R. Civ. P. 26(a)(2)(C). Therefore, pursuant to Fed. R. Civ. P. 37, O'Neil should be sanctioned by not allowing Kemmerer to testify at trial.

Respectfully submitted,

HAHN LOESER & PARKS LLP

By: /s/ Phillip G. Eckenrode
Phillip G. Eckenrode (Ohio Reg. No. 84,187)
65 East State Street, Suite 1400
Columbus, Ohio 43215
614-233-5147 (phone)
614-233-5194 (fax)
peckenrode@hahnlaw.com (e-mail)

---

[1] Snap-on has partially styled this Motion as a *Motion to Strike* in light of the Court's requirement that the parties provide the Court with a copy of all expert reports. [*See* Doc. 28.] If Kemmerer's report has not yet been submitted to the Court, Snap-on requests that this *Motion to Strike* be considered as soon as it is submitted.

and

R. Eric Gaum (Ohio Reg. No. 66,573)
Amanda H. Wilcox (Ohio Reg. No. 73,832)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
216-621-0150 (phone)
330-864-7986 (fax)
regaum@hahnlaw.com (e-mail)
awilcox@hahnlaw.com (e-mail)

*Counsel for Plaintiff Snap-on Business Solutions, Inc.*

## **MEMORANDUM IN SUPPORT**

Kemmerer's report is untimely and should be stricken, and O'Neil should be precluded from calling Kemmerer to testify at the trial of this matter. On October 1, 2009, this Court issued a scheduling order which mandated that Snap-on identify its experts by October 26, 2009 and O'Neil identify its experts by November 16, 2009. [Doc. 28.] Other than those dates, the Court's order stated that the exchange of expert reports would generally be governed by Rule 26 of the Federal Rules of Civil Procedure. [*Id*.] Both parties complied with this requirement and identified their respective experts no later than the above dates.

Snap-on disclosed Greg Feezel ("Feezel"), the Director of Network Services and Information Security for Snap-on, and Jerome Freedman, Ph.D. ("Freedman") as technical experts. (A copy of the October 26, 2009 letter from A. Wilcox to A. Parker is attached hereto as Exhibit A.) Snap-on provided no written reports for either of its technical experts, as Feezel is an employee of Snap-on for whom no written report is required, s*ee* Fed. R. Civ. P. 26(a)(2)(B), and Snap-on ultimately decided not to utilize Freedman's services. Therefore, Snap-on has not served O'Neil with any technical expert reports, nor were they required to.[2] On November 16,

---

[2] Snap-on did provide O'Neil with a written report of its damages expert, Jeffrey Mordaunt.

CLE 1356371.1                                           2

2009, O'Neil identified three technical experts: Armando Monzon, David Stackhouse[3] and Kemmerer. (A copy of the November 17, 2009 letter from A. Parker to R. Gaum and A. Wilcox is attached hereto as Exhibit B.) Of these three, only Kemmerer is an "outside" expert (i.e., not an employee of O'Neil).

Trial is currently scheduled for May 17, 2010. Rule 26(a)(2)(C)(i) requires that expert disclosures be made "at least 90 days before the date set for trial," or in this case, February 17, 2010. A party who fails to provide information or identify a witness pursuant to Rule 26 can be subject to sanctions under Rule 37(c), including not being permitted to call that witness at trial. Fed. R. Civ. P. 37(c). Although O'Neil disclosed Kemmerer as a technical expert on November 17, 2009, it did not provide Snap-on with Kemmerer's written report until March 17, 2010. Therefore, this report was untimely served, and Kemmerer should be barred from testifying at the trial of this matter.

Snap-on anticipates that O'Neil will attempt to characterize Kemmerer's report as a "rebuttal" expert report, and therefore only needing to be served "within 30 days" of Snap-on's disclosures pursuant to Rule 26(a)(2)(C)(ii). However, Kemmerer's report is not rebuttal **because there is nothing for him to rebut.** Rule 26(a)(2)(C) defines rebuttal experts as those presenting evidence which is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(C). Snap-on identified two technical experts, one an employee for whom no report is required and one for whom a report was not submitted and who will not be called at trial. Therefore, Snap-on has not provided O'Neil with any reports or evidence "under Rule 26(a)(2)(B)" for their experts to "contradict or rebut." *Id*. As such, Kemmerer's report cannot constitute rebuttal, and it was

---

[3] Monzon and Stackhouse are the subject of Snap-on's *Motion In Limine to Exclude Certain of Defendant's Technical Experts* filed on March 17, 2010. [Doc. 58.]

untimely served. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635-38 (D. Hawaii 2008) (holding that although report "cast[ed] doubt" on a report created by the other side, it was not rebuttal evidence as defined by Rule 26, and the untimely disclosure was not justified).

The fact that Kemmerer is not offered as rebuttal is confirmed by his own report. (A copy of Kemmerer's report is attached hereto as Exhibit C.)[4] Throughout the report, Kemmerer describes his analysis of the data scraping tool at issue in this case without regard to any previous reports created or analysis performed by Snap-on's experts (again, because no such reports have been created). Kemmerer's report is a fresh take on the tool and software, and nowhere references positions taken by Snap-on, other than those in its pleadings. In fact, the opening sentence of the report states that its purpose is to "summarize[] our effort to analyze the MCF Data Acquisition software," not to punch holes in or distinguish analysis performed by Snap-on or its experts. (*See* report at p. 1.) Therefore, it cannot be considered "rebuttal," and it was served outside of the timeframe established by Rule 26(a)(2)(C).

## CONCLUSION

O'Neil failed to disclose the expert report of Richard Kemmerer in a timely manner in violation of Rule 26. Kemmerer's report should not be considered rebuttal, because there has been no expert testimony provided by Snap-on for him to rebut. Therefore, Snap-on respectfully requests that Kemmerer's report be stricken and that O'Neil be precluded from calling him at trial.

---

[4] Snap-on is contemporaneously seeking leave from the Court to file the report under seal, as O'Neil has identified it as highly confidential.

Respectfully submitted,

HAHN LOESER & PARKS LLP

By: /s/ Phillip G. Eckenrode
Phillip G. Eckenrode (Ohio Reg. No. 84,187)
65 East State Street, Suite 1400
Columbus, Ohio 43215
614-233-5147 (phone)
614-233-5194 (fax)
peckenrode@hahnlaw.com (e-mail)

and

R. Eric Gaum (Ohio Reg. No. 66,573)
Amanda H. Wilcox (Ohio Reg. No. 73,832)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
216-621-0150 (phone)
330-864-7986 (fax)
regaum@hahnlaw.com (e-mail)
awilcox@hahnlaw.com (e-mail)

*Counsel for Plaintiff Snap-on Business Solutions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of March, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system.

Alan B. Parker
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
aparker@reminger.com

Matthew L. Schrader
REMINGER CO., L.P.A.
65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio 43215
mschrader@reminger.com

*Counsel for Defendant*
*O'Neil & Associates, Inc.*

                                            /s/ Phillip G. Eckenrode
                                            One of the Attorneys for Plaintiff
                                            Snap-on Business Solutions, Inc.