UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
SNAP-ON BUSINESS SOLUTIONS                      :
INC.,                                           :
                                                :   CASE NO. 5:09-CV-1547
        Plaintiff,                              :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 59, 60, 62]
O'NEIL & ASSOCIATES, INC.,                      :
                                                :
        Defendant.                              :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this computer fraud and copyright case, Plaintiff Snap-on Business Solutions, Inc., moves the Court for leave to file several exhibits and documents under seal. Specifically the Plaintiff asks the Court to seal two exhibits to its Motion in Limine to Exclude Certain of Defendant's Technical Experts, [Doc. 59], the entirety of seven deposition transcripts, [Doc. 60], and an expert witness report from the Defendant. [Doc. 62.] In support of these motions for leave, Plaintiff Snap-on says only that the exhibits contain material that the parties have designated "highly confidential" and containing "highly sensitive" business information.

This Court operates as a public forum, not as a private dispute resolution service. *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987). In deciding whether to allow civil litigants to file records under seal, the Court must consider "the rights of the public, an absent third party" to whom the Court ultimately is accountable. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir.

-1-

Case No. 5:09-CV-1547
Gwin, J.

1985).

  To prevail on a request to seal information in a court's records, the movant must therefore make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001); *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987); *Brown & Williamson*, 710 F.2d at 1180. This Court has adopted this requirement and therefore demands that the movant show substantial personal or financial harm before the Court will grant an order to seal any documents.

  The Plaintiff's generalized assertions fail to meet this burden in this case. Accordingly, the Court **DENIES** the Plaintiff's motions for leave to file the requested documents under seal.

  IT IS SO ORDERED.


Dated: March 19, 2010           s/  *James S. Gwin*
                      JAMES S. GWIN
                      UNITED STATES DISTRICT JUDGE