UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC. ) | |
| ) | CASE NO. 5:09-CV-01547-JG |
| Plaintiff, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | **PLAINTIFF'S REPLY IN SUPPORT OF** |
| O'NEIL & ASSOCIATES, INC. ) | **ITS MOTION *IN LIMINE* TO** |
| ) | **EXCLUDE CERTAIN OF** |
| Defendant. ) | **DEFENDANT'S "TECHNICAL"** |
| ) | **EXPERTS** |

Defendant O'Neil & Associates, Inc. ("O'Neil") offers little to the Court in its *Memorandum in Opposition to Plaintiff's Motion* In Limine *to Exclude Certain of Defendant's "Technical" Experts* (the "Opposition") [Doc. 71] in support of why its two employees, Armando Monzon and David Stackhouse, should be permitted to testify as expert witnesses at the trial of this matter.  While these witnesses no doubt possess personal knowledge of the facts at issue in this case, they should not be permitted to cloak themselves in a shroud of expertise and have their credibility be given an unfair boost before the jury.  *See United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (district courts "must be especially vigilant in evaluating the admissibility of expert testimony where…a [witness] is called on to testify as a fact witness but also functions as an expert") (*quoting United States v. Cruz*, 363 F.3d 187, 194 (2d Cir. 2004)).  Therefore, the Court should not permit Monzon and Stackhouse to testify as expert witnesses.

In the Opposition, O'Neil argues that Monzon and Stackhouse are qualified to testify as expert witnesses by citing to a comprehensive list of tasks and assignments performed by each of the witnesses relative to the data scraping tool and process at issue.  According to O'Neil, the fact that these two witnesses were involved with the overall project performed by O'Neil qualifies them to testify as expert witnesses on everything, including "firewalls, connectivity,

CLE - 2636483.2

bandwidth, switching, VLANing, servers, platforms, hardware, software and operating systems from the standpoint of the reclamation tool and from the standpoint of development." [Doc. 71 at p. 5.]  Following this logic, presumably every O'Neil employee who worked on the data reclamation project could testify as an expert witness thereto.

Snap-on does not dispute that Monzon and Stackhouse were involved in working with the reclamation tool and content management systems at issue.  However, the vast majority of topics identified by O'Neil as those upon which these witnesses can testify as experts do not at all relate to the use of the data scraping tool.  The central issues relative to Snap-on's claims against O'Neil are exactly how the data scraping tool was used, what material was copied from Snap-on's web servers, and what effect the data scraping tool had on Snap-on's computer infrastructure.  It is undisputed that neither Monzon nor Stackhouse used the data scraping tool at any time during the data reclamation process, so the fact that they may be generally knowledgeable with respect to bandwidth or firewalls does not mean they can opine as experts on all things computer-related.[1]  This is especially true where they have little personal knowledge of – let alone expertise in – the fundamental issue in this case: O'Neil's use of the data scraping tool.

An example of how one of these witnesses might impermissibly cross the line from fact witness to expert witness could be as follows.  O'Neil claims that Stackhouse, "by virtue of his education, training and experience, is an expert in the areas of computer networks and infrastructure." [Doc. 71 at p. 2.]  Snap-on does not dispute that Stackhouse can testify as to *O'Neil's* networks and infrastructure, because as O'Neil's Director of Information Systems,

---

[1] Despite what O'Neil claims in the Opposition, Snap-on does not "concede[]" Stackhouse's qualifications in computer networks and infrastructure. [Doc. 71 at p. 2.]  In Snap-on's Motion, it simply pointed out that these were the only two areas in which Stackhouse identified himself as an "expert."  [Doc. 58 at p. 4.]

CLE - 2636483.2               2

Snap-on would expect him to be personally familiar with O'Neil's computer systems.[2] However, Stackhouse should not be permitted to extrapolate his familiarity with O'Neil's computer system and testify as to what effect he thinks the data scraping tool might have had on *Snap-on's* computer network and infrastructure, as this would move from testimony based on first-hand knowledge (even if considered "expertise") into the impermissible world of testifying as an expert as to something with which he is not familiar. Neither Stackhouse nor Monzon should be permitted to testify as such.

Furthermore, despite O'Neil's attempt in the Opposition to make Monzon and Stackhouse appear as knowledgeable as possible, O'Neil fails to explain away the countless times in each of their depositions where they claim to not have any substantial knowledge of the relevant facts. [*See* Doc. 58 at p. 2-4.] As discussed in Snap-on's Motion, Monzon and Stackhouse regularly deferred to Dean Schuler, a senior software developer at O'Neil, when asked questions about the data scraping tool, how it worked, and what information it gathered. Each witness admitted under oath that they lack the requisite knowledge and expertise to testify as expert witnesses in any area. As such, they should be limited to testifying as fact witnesses only, and to those facts of which they specifically have first-hand knowledge.

---

[2] Of course, Snap-on reserves the right to object to Stackhouse's testimony should there be no proper foundation to support his testimony on a particular topic.

**CONCLUSION**

Snap-on respectfully requests an Order from the Court *in limine* precluding O'Neil from calling Armando Monzon and David Stackhouse as expert witnesses at the trial of this matter and limiting their testimony to that of fact witnesses only.

>Respectfully submitted,
>
>HAHN LOESER & PARKS LLP
>
>By: /s/ Phillip G. Eckenrode
>Phillip G. Eckenrode (Ohio Reg. No. 84,187)
>65 East State Street, Suite 1400
>Columbus, Ohio 43215
>614-233-5147 (phone)
>614-233-5194 (fax)
>peckenrode@hahnlaw.com (e-mail)
>
>and
>
>R. Eric Gaum (Ohio Reg. No. 66,573)
>Amanda H. Wilcox (Ohio Reg. No. 73,832)
>200 Public Square, Suite 2800
>Cleveland, Ohio 44114
>216-621-0150 (phone)
>330-864-7986 (fax)
>regaum@hahnlaw.com (e-mail)
>awilcox@hahnlaw.com (e-mail)
>
>*Counsel for Plaintiff Snap-on Business Solutions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of April, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system:

Alan B. Parker
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
aparker@reminger.com

Matthew L. Schrader
REMINGER CO., L.P.A.
65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio 43215
mschrader@reminger.com

*Counsel for Defendant*
*O'Neil & Associates, Inc.*

/s/ Phillip G. Eckenrode
One of the Attorneys for Plaintiff
Snap-on Business Solutions, Inc.