IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC., ) | CASE NO. 5:09-CV-1547 |
| ) | |
| ) | JUDGE JAMES S. GWIN |
| Plaintiff ) | |
| ) | |
| vs. ) | **DEFENSE MOTION IN LIMINE** |
| ) | **TO PRECLUDE GREGORY** |
| O'NEIL & ASSOCIATES, INC., ) | **FEEZEL FROM EXPRESSING** |
| ) | **EXPERT OPINIONS AT TRIAL** |
| Defendant ) | |
| ) | |
| ) | |

Now comes the defendant, O'Neil & Associates, Inc., through undersigned counsel, and hereby moves to preclude expert opinion testimony from the plaintiff's employee and witness, Gregory Feezel. Such an Order is sought because Snap-On refused to permit Mr. Feezel to reveal materials he reviewed in connection with this case. To be clear, the defendant is not seeking to exclude Mr. Feezel from testifying as a fact witness. However, any opinions should not be permitted, because plaintiff's counsel improperly limited inquiry as to materials from which Mr. Feezel is expected to testify.

Mr. Feezel is an employee of the plaintiff, and was designated as a technical expert. At Mr. Feezel's deposition, however, counsel prevented inquiry into any documents or materials reviewed or relied upon by the witness:

17

21    Q.   What, if anything, did you look at
22  in preparation for your deposition today?
23          MS. WILCOX:  Objection.
24          Privileged.  I'm instructing the
25  witness not to answer.

18

1    Q.   Did you look at any documents that
2  you have prepared prior to your deposition
3  today?
4          MS. WILCOX:  Objection.
5          Privileged.  I'm instructing the
6  witness not to answer.
7          MR. PARKER:  You're asserting a
8  privilege over information he prepared?
9          MS. WILCOX:  Over any depo
10  preparation at all.
11    Q.   Have you reviewed any e-mails prior
12  to this deposition?
13          MS. WILCOX:  Objection.
14          MR. PARKER:  Can he answer?
15          MS. WILCOX:  I'm instructing the
16  witness not to answer.
17    Q.   Do you expect to be offering any
18  opinions in connection with this case?
19          MS. WILCOX:  Objection.
20          Privileged.
21    A.   I didn't understand the question
22  anyway.
23    Q.   Have you been asked to serve as an
24  expert witness in this case?
25          MS. WILCOX:  You can answer.

19

1    A.   Yes.
2          MS. WILCOX:  We've identified
3  Mr. Feezel as an expert.
4          MR. PARKER:  And that was my
5  appreciation as well, that you've identified
6  him as an expert.
7    Q.   What have you reviewed in order to
8  express any expert opinions in this case?
9          MS. WILCOX:  Objection.
10          Privileged.

```
11        MR. PARKER:  You're not going to
12   let me even ask the basis of his opinions, the
13   facts and materials on which it's based, you
14   want me to take that to Judge Gwin?
15        MS. WILCOX:  Well, I think when he
16   actually expresses his opinions, then you can
17   ask him what he used as the basis for those
18   opinions, but he hasn't given an opinion yet so
19   we're not prepared to disclose what he's looked
20   at.
```
(Deposition testimony of Gregory Feezel, pp. 17 – 19.)

Although plaintiff's counsel appears to have been asserting privilege, or potentially protection as trial preparation material, counsel has not provided a privilege log or otherwise described the nature of the documents as required under Federal Rules of Civil Procedure, Rule 26(b)(5)(A).

The defense understands that Mr. Feezel is a fact witness and may testify to factual issues in the case. Mr. Feezel is also acknowledged to have particularized knowledge relating to his job, a subject to which he can certainly testify. However, given the inappropriate limitations on inquiry into material that was reviewed by the witness in preparation for purportedly being able to testify as an expert, the defendant respectfully requests that Mr. Feezel's testimony be limited, and that he be prohibited from providing opinion testimony at trial.

    Respectfully submitted,

    /s/  ALAN B. PARKER
    ALAN B. PARKER (0040008)
    ROY A. HULME (0001090)
    Reminger Co., L.P.A.
    1400 Midland Building
    101 Prospect Avenue, West
    Cleveland, Ohio  44115
    (216) 687-1311
    (Fax) (216)687-1841

        E-Mail: aparker@reminger.com
          rhulme@reminger.com

        */s/ MATTHEW L. SCHRADER*
        MATTHEW L. SCHRADER (0074230)
        Reminger Co., L.P.A
        65 East State Street, 4th Floor
        Capitol Square
        Columbus, Ohio  43215
        (614) 228-1311
        (Fax) (614) 232-2410
        E-Mail: mschrader@reminger.com

        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, the foregoing Motion in Limine was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        */s/  ALAN B. PARKER*
        ALAN B. PARKER (0040008)
        Reminger Co., L.P.A.
        1400 Midland Building
        101 Prospect Avenue, West
        Cleveland, Ohio  44115
        (216) 687-1311
        (Fax) (216)687-1841
        E-Mail: aparker@reminger.com