IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC., | ) | CASE NO. 5:09-CV-1547 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE REGARDING INDEMNIFICATION AGREEMENTS** |
| | ) | |
| O'NEIL & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Defendant O'Neil & Associates, Inc. ("O'Neil"), by and through its undersigned counsel, hereby replies in support of its Motion In Limine Regarding Indemnification agreements. (Doc. # 92). Simply put, the Memorandum in Opposition (Doc. # 95) filed by Snap-on Business Solutions, Inc. ("Snap-on") strengthens O'Neil's position that any indemnification agreement that it entered into with Mitsubishi Caterpillar Forklift ("Mitsubishi") is irrelevant. Moreover, to the extent that any such agreement may be relevant, its probative value is substantially outweighed by the risk of unfair prejudice to O'Neil and by the risk of misleading the jury. Finally, any such agreement is inadmissible under Fed. R. Evid. 411 (evidence of insurance).

The issue in this case is whether O'Neil accessed the Mitsubishi websites that were hosted by Snap-on with authorization and whether that access was within the scope of that authorization. The jury will be left to decide these issues. The jury, similarly, will be left to decide whether such authorization was to come from

Mitsubishi (O'Neil's position) or Snap-on (Snap-on's position). The existence of an indemnification agreement has absolutely no bearing on that issue and the jury's determination of it.

The existence of an indemnification agreement has absolutely no bearing on whether O'Neil "recklessly caused damage" or whether O'Neil obtained any trade secrets of Snap-on through "improper means" as alleged by Snap-on. See Memorandum in Opposition (Doc. # 95), pp. 2, 3. The jury must be left to determine these issues based solely on O'Neil's conduct.

To follow Snap-on's logic, the fact that any defendant has entered into an indemnity agreement or a contract for insurance would be admissible to establish that defendant's wrongful conduct. That argument flies in the face of the policy behind Fed. R. Evid. 411:

> A driver does not obtain automobile insurance because he knows himself to be a negligent driver.
>
> A physician does not obtain medical malpractice insurance because he knows himself to be a negligent physician.
>
> The owner of a building does not obtain general liability insurance because he knows that his building is dangerous.

To be sure, this sort of protection is the prudent thing to do. O'Neil's prudence and sound business practice in this case has no bearing on the issues that are to be determined by the jury. Snap-on cites a single case in support of its position that the existence of an indemnity agreement is relevant, non-prejudicial and that its admissibility is not barred by Fed, R. Evid. 411. Memorandum in Opposition (Doc. #

95), p. 4. The overwhelming breath of case law, however, supports O'Neil's position. See Motion In Limine Regarding Indemnification (Doc. # 92), pp. 2-3.

Moreover, Snap-on's only response to O'Neil's position that the existence of an indemnification agreement would prejudice O'Neil is its blind argument that O'Neil's pockets are just as deep as Mitsubishi's. See Memorandum in Opposition (Doc. # 95), pp. 7-8. This position highlights the improper purpose behind Snap-on's efforts to introduce the existence of an indemnification agreement between O'Neil and Mitsubishi. This improper purpose is not something that could be cured by a limiting instruction. If evidence of an indemnity agreement is permitted, the jury may be incorrectly misled to believe that O'Neil as no exposure in this case. Mitsubishi has not defended O'Neil in this case.

The existence of an indemnity agreement is not probative of the level of O'Neil's conduct in this case. The jury must decide that issue based upon O'Neil's conduct alone, and not based upon the existence of an indemnification agreement. Similarly, the existence of an indemnification agreement must be excluded as evidence of insurance. See Fed. R. Evid. 411. For all of the foregoing reasons, and for the reasons set forth in its Motion In Limine Regarding Indemnification (Doc. # 92), any evidence of an indemnification agreement between O'Neil and Mitsubishi should be excluded. O'Neil requests an Order in limine excluding evidence of the existence of any indemnification agreement between O'Neil and Mitsubishi.

> Respectfully submitted,
>
> /s/ ALAN B. PARKER
> ALAN B. PARKER (0040008)
> ROY A. HULME (0001090)
> Reminger Co., L.P.A.

          1400 Midland Building
          101 Prospect Avenue, West
          Cleveland, Ohio  44115
          (216) 687-1311
          (Fax) (216)687-1841
          E-Mail: aparker@reminger.com
                rhulme@reminger.com

/s/ MATTHEW L. SCHRADER
MATTHEW L. SCHRADER (0074230)
Reminger Co., L.P.A
65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio  43215
(614) 228-1311
(Fax) (614) 232-2410
E-Mail: mschrader@reminger.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of May, 2010, the foregoing was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ ALAN B. PARKER
ALAN B. PARKER (0040008)
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio  44115
(216) 687-1311
(Fax) (216)687-1841
E-Mail: aparker@reminger.com


/s/ MATTHEW L. SCHRADER
MATTHEW L. SCHRADER (0074230)
Reminger Co., L.P.A

65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio 43215
(614) 228-1311
(Fax) (614) 232-2410
E-Mail: mschrader@reminger.com