IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC., | CASE NO. 5:09-CV-1547 |
| Plaintiff | JUDGE JAMES S. GWIN |
| vs. | |
| O'NEIL & ASSOCIATES, INC., | **DEFENDANT'S BRIEF ON COPYRIGHT PROTECTION TO DATABASES** |
| Defendant | |

Defendant, O'Neil & Associates, Inc., by and through counsel, respectfully submits the following Brief in regards to the application of copyright protection with respect to databases. Further, copyright protection is a matter of law and a determination of whether particular material is copyrightable is not within the province of the jury.

## INTRODUCTION

This case arises from O'Neil's authorized retrieval of data authored and owned by Mitsubishi Caterpillar Forklift ("MCF"). For several years O'Neil had developed and provided interactive training materials for MCF. MCF also used Plaintiff Snap-On to develop and maintain an electronic parts catalog for MCF and its dealers. Snap-On obtained the contents for the electronic parts catalog from a number of sources in the MCF related companies, MCFA, MCFE, and MCFS. The content consisted of parts illustrations, names, numbers, and products associated with the parts illustrations. Some of the content was provided by MCF in electronic form, but much of the content was printed material, or pdf documents, which needed to be converted into a more suitable form for effective electronic interactive use.

As MCF's satisfaction with Snap-On's electronic parts catalog implementation decreased, MCF sought alternative electronic parts catalog providers, namely O'Neil. As Snap-

1

On refused to release the electronic representations of the data provided by MCF, MCF authorized O'Neil to develop a data reclamation tool to retrieve MCF's content from the Snap-On hosted sites.

It is anticipated that Snap-On will argue particular elements integral to Snap-On's database functionality are copyrightable. Snap-On's argument, however, is untenable under Copyright law. Functional elements are not copyrightable. Furthermore, the determination of whether a particular element is copyrightable is a matter of law and not within the province of the jury.

## LAW & ARGUMENT

**A. Protection Under Copyright Does Not Extend to Functional Elements.**

Even if a work is in some sense "original" under § 102(a), it still may not be copyrightable because § 102(b) provides that "in no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of [its] form." 17 U.S.C. § 102(b). This provision embodies the common-law idea-expression dichotomy that distinguishes the spheres of copyright and patent law. "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea -- not the idea itself." *Mazer v. Stein*, 347 U.S. 201, 217, 98 L. Ed. 630, 74 S. Ct. 460, 1954 Dec. Comm'r Pat. 308 (1954); *see also Baker v. Selden*, 101 U.S. 99, 101-02, 25 L. Ed. 841, 1880 Dec. Comm'r Pat. 422 (1880)(explaining that while a book describing a bookkeeping system is worthy of copyright protection, the underlying method described is not); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 703 (2d Cir.1992) ("It is a fundamental principle of copyright law that a copyright does not protect an idea, but only the expression of the idea."). While this general principle applies

equally to computer programs, *id.*; the task of separating expression from idea in this setting is a vexing one, *see Altai*, 982 F.2d at 704 ("The essentially utilitarian nature of a computer program further complicates the task of distilling its idea from its expression."); *Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992); *see also Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 819-20 (1st Cir. 1995) (Boudin, J., concurring). "Compared to aesthetic works, computer programs hover even more closely to the elusive boundary line described in § 102(b)." *Altai*, 982 F.2d at 704.

It is well-established in copyright law that not all copying is actionable; rather, "a plaintiff bringing an infringement claim must prove 'copying of constituent elements of the work that are original.'" *Kohus v. Mariol,* 328 F.3d 848, 853 (6th Cir. 2003) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). The Sixth Circuit has adopted a two-step approach for determining similarity between works in copyright infringement cases: the first step requires identifying which aspects of the artist's work, if any, are protectable by copyright; the second involves determining whether the allegedly infringing work is "substantially similar" to protectable elements of the artist's work. *Kohus,* 328 F.3d at 855 (quoting *Sturdza v. United Arab Emirates,* 350 U.S. App. D.C. 154, 281 F.3d 1287 (D.C. Cir. 2002)). In explaining this approach, the court stated:

> (1) The essence of the first step is to filter out the unoriginal, unprotectible elements--elements that were not independently created by the inventor, and that possess no minimal degree of creativity . . . ;
>
> (2) Next, in cases [] that involve a functional object rather than a creative work, it is necessary to eliminate those elements dictated by efficiency [the merger doctrine] . . . ;
>
> (3) It is also important to filter out *scenes a faire:* those elements that follow naturally from the work's theme, rather than from the author's creativity, or elements that are dictated by external factors such as particular business practices . . . ; and

3

>(4) Once the unprotectible elements have been filtered out, the second step is to determine whether the allegedly infringing work is substantially similar to the protectible elements of the original . . . .

*Kohus,* 328 F.3d at 855-56 (citations omitted).

Steps one, two and three are pertinent to the instant matter and the alleged "proprietary" elements of Snap-On are functional, dictated by external factors in the field, and are un-protectable.

Where the "expression is essential to the statement of the idea," *CCC Info. Servs. v. MacLean Hunter Mkt. Reports, Inc.*, 44 F.3d 61, 68 (2d Cir. 1994); *see also Lotus Dev.*, 49 F.3d at 816 ("If specific words are essential to operating something, then they are part of a 'method of operation' and, as such, are un-protectable."), or where there is only one way or very few ways of expressing the idea, *Warren Publ'g, Inc. v. Microdos Data Corp.*, 115 F.3d 1509, 1519 n.27 (11th Cir. 1997), the idea and expression are said to have "merged." In these instances, copyright protection does not exist because granting protection to the expressive component of the work necessarily would extend protection to the work's un-copyrightable ideas as well. *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.,*, 9 F.3d 823, 838 (10th Cir. 1993); *see also Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 319 n.2 (6th Cir. 2004) (noting that where idea and expression are intertwined and where non-protectable ideas predominate, expression is not protected). For computer programs, "if the patentable process is embodied inextricably in the line-by-line instructions of the computer program, [] then the process merges with the expression and precludes copyright protection." *Atari I*, 975 F.2d at 839-40; *see, e.g., Prg-Schultz Int'l, Inc. v. Kirix Corp.*, 2003 U.S. Dist. LEXIS 25994, No. 03 C 1867, 2003 WL 22232771, at *4 (N.D. Ill. Sept. 22, 2003) (determining that copyright

infringement claim failed because expression merged with process in computer software that performed auditing tasks).

For similar reasons, when external factors constrain the choice of expressive vehicle, the doctrine of "scenes a faire" -- "scenes," in other words, "that must be done" -- precludes copyright protection. *See Twentieth Century Fox Film*, 361 F.3d at 319-20. In the literary context, the doctrine means that certain phrases that are "standard, stock, . . . or that necessarily follow from a common theme or setting" may not obtain copyright protection. *Gates Rubber*, 9 F.3d at 838. In the computer-software context, the doctrine means that the elements of a program dictated by practical realities -- *e.g.*, by hardware standards and mechanical specifications, software standards and compatibility requirements, computer manufacturer design standards, target industry practices, and standard computer programming practices -- may not obtain protection. *Id.* (citing case examples); *see Sega Enters.*, 977 F.2d at 1524 ("To the extent that a work is functional or factual, it may be copied."); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1473 (9th Cir. 1992) (affirming district court's finding that "plaintiffs may not claim copyright protection of an . . . expression that is, if not standard, then commonplace in the computer software industry"). As "an industry-wide goal," programming "efficiency" represents an external constraint that figures prominently in the copyrightability of computer programs. *Altai*, 982 F.2d at 708.

As articulated above, functional elements are not protectible under copyright law.

**B.     Determination of Whether an Element is Copyrightable is a Matter of Law and Not Within the Province of the Jury.**

It is the province of the court, not a jury, to determine as a matter of law whether certain material is copyrightable expression or non-copyrightable idea. *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294 (S.D.N.Y. 2005). As such, once the court determines the content at issue is

5

functional, dictated by external factors in the field, and is un-protectable, a determination as to non-infringement should be removed from the jury and determined as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Snap-On's material is unprotectible and non-infringement should be determined as a matter of law.

Respectfully submitted,

*/s/ ALAN B. PARKER*

_____
ALAN B. PARKER (0040008)
ROY A. HULME (0001090)
**Reminger Co., L.P.A.**
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio  44115
(216) 687-1311
(Fax) (216)687-1841
E-Mail:	aparker@reminger.com
		rhulme@reminger.com

*/s/ MATTHEW L. SCHRADER*

_____
MATTHEW L. SCHRADER (0074230)
**Reminger Co., L.P.A**
65 East State Street, 4th Floor
Capitol Square
Columbus, Ohio  43215
(614) 228-1311
(Fax) (614) 232-2410
E-Mail:	mschrader@reminger.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      */s/ ALAN B. PARKER*
                                      _____
                                      ALAN B. PARKER (0040008)